# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **DAVID W. LINDER,**<br><br>Plaintiff,<br><br>v.<br><br>**EXECUTIVE OFFICE FOR UNITED STATES ATTORNEYS,**<br><br>Defendant. | Case No. 18-cv-1029 (TNM) |

## MEMORANDUM OPINION

Plaintiff David W. Linder, appearing *pro se*, challenges the Executive Office for United States Attorneys' ("EOUSA") denial of his Freedom of Information Act ("FOIA") request for grand jury testimony. EOUSA has moved for summary judgment under Rule 56 of the Federal Rules of Civil Procedure. Mot. for Summ. J., ECF No. 14. Linder has filed an opposition, ECF No. 17, and EOUSA has replied, ECF No. 18. For the reasons explained below, the Court finds that EOUSA has complied with its FOIA requirements and is entitled to judgment as a matter of law.

## I.

A federal jury in the Eastern District of Virginia convicted Linder "of all twenty-seven counts of the indictment against him," consisting of various drug distribution offenses and related charges. *United States v. Linder*, 200 Fed. App'x 186, 187 (4th Cir. 2006). Linder's conviction and sentence, including a life sentence on a drug conspiracy count, were affirmed in September 2006. *Id*. In a FOIA request received by EOUSA on October 30, 2017, Linder sought the "Grand Jury Testimony of Roy Hammond." Decl. of Tricia Francis, Attach. A, ECF No. 14-2. EOUSA denied Mr. Linder's request by letter dated December 4, 2017, citing 5

U.S.C. § 552(b)(3) (FOIA Exemption 3). *Id*., Attach. B. Linder administratively appealed to the Office of Information Policy, which affirmed EOUSA's action. *Id*., Attach. E.

## II.

FOIA requires federal agencies to "disclose information to the public upon reasonable request unless the records at issue fall within specifically delineated exemptions." *Judicial Watch, Inc. v. FBI*, 522 F.3d 364, 365-66 (D.C. Cir. 2008). In FOIA cases, the district court reviews the record *de novo*, 5 U.S.C. § 552(a)(4)(B), and it views the facts and draws all inferences "in the light most favorable to the requester." *Weisberg v. U.S. Dep't of Justice*, 745 F.2d 1476, 1485 (D.C. Cir. 1984).

The "vast majority" of FOIA cases can be decided on motions for summary judgment. *See Brayton v. Office of U.S. Trade Rep.*, 641 F.3d 521, 527 (D.C. Cir. 2011). To prevail on summary judgment, the movant agency must prove that no material facts are in dispute, *see* Fed. R. Civ. P. 56(a), and that each responsive record has either been produced to the requestor or is exempt from disclosure. *See Weisberg v. U.S. Dep't of Justice*, 627 F.2d 365, 368 (D.C. Cir. 1980). It is the agency's burden to establish that any withheld information falls into one of FOIA's enumerated exemptions. 5 U.S.C. § 552(a)(4)(B); *see also Natural Res. Def. Council, Inc. v. Nuclear Regulatory Comm'n*, 216 F.3d 1180, 1190 (D.C. Cir. 2000). "The justification for invoking a FOIA exemption is sufficient if it appears logical or plausible." *Murphy v. Exec. Office for U.S. Attorneys*, 789 F.3d 204, 209 (D.C. Cir. 2015) (citation and internal quotation marks omitted).

# III.

The D.C. Circuit instructs:

> If an agency's affidavit describes the justifications for withholding the information with specific detail, demonstrates that the information withheld logically falls within the claimed exemption, and is not contradicted by contrary evidence in the record or by evidence of the agency's bad faith, then summary judgment is warranted on the basis of the affidavit alone.

*ACLU v. U.S. Dep't of Def.*, 628 F.3d 612, 619 (D.C. Cir. 2011). EOUSA's declaration satisfies that standard, and Linder has offered nothing to the contrary. Linder focuses instead on his indictment. *See* Pl.'s Opp'n. at 1. But under the FOIA, "this Court's remedial powers are limited to injunctive relief to remedy the improper withholding of agency records . . . not . . . to make findings of fact and law as to whether probable cause existed in [plaintiff's] criminal arrest or prosecution." *Sanders v. Obama*, 729 F. Supp. 2d 148, 158 (D.D.C. 2010), *aff'd sub nom. Sanders v. U.S. Dep't of Justice*, No. 10-5273, 2011 WL 1769099 (D.C. Cir. Apr. 21, 2011) (citation omitted).

FOIA Exemption 3 applies to matters that are "specifically exempted from disclosure by [another] statute" if that statute "requires that the matters be withheld from the public in such a manner as to leave no discretion on the issue" or "establishes particular criteria for withholding or refers to particular types of matters to be withheld." 5 U.S.C. § 552(b)(3). Rule 6(e) of the Federal Rules of Criminal Procedure prohibits government attorneys and other listed "persons" from "disclos[ing] a matter occurring before the grand jury," Fed. R. Crim. P. 6(e)(2)(B), save exceptions listed under paragraph (e)(3). While not a statute, the rule "qualifies as one under FOIA because the Congress has enacted it into positive law." *Murphy*, 789 F.3d at 206 (citations omitted). As a result, "information related to a grand jury matter may be withheld under exemption 3 'if the disclosed material would tend to reveal some secret aspect of the grand jury's

investigation[.]'" *Id*. (quoting *Hodge v. FBI*, 703 F.3d 575, 580 (D.C. Cir. 2013)). "A tendency need only make a result more likely." *Id*. at 210.

Invoking FOIA Exemption 3, EOUSA's declarant explains that "the Government did not request to review the grand jury transcript . . . because doing so would result in the impermissible disclosure of the inner workings of the grand jury investigation." Francis Decl. ¶ 13. *See United States v. Sells Eng'g, Inc.*, 463 U.S. 418, 427 (1983) (holding that an excepted "(A)(i) disclosure [under Crim. Rule 6(e)(3)] is limited to use by those [government] attorneys who conduct the criminal matters to which the materials pertain"). She posits that "the grand jury transcript of a specific witness would reveal the inner workings and direction of the grand jury by revealing" the witness' knowledge "at the time of his/her testimony during the Government's grand jury investigation[.]" Francis Decl. ¶ 13. This, in turn, "could allow Plaintiff [and the public at large] to ascertain what, if any additional steps . . . the Government took during the course of its grand jury investigation, which were meant to be protected from disclosure pursuant to Rule 6(e)." *Id*.; *see Stonehill v. IRS*, 558 F.3d 534, 538–39 (D.C. Cir. 2009) (differentiating FOIA disclosures that "must be made available to the public as a whole" from "information disclosed during discovery [and] limited to the parties"). The declarant also explains that "the information contained in this type of material is inextricably intertwined with secret aspects of the grand jury process," such that the entire record would be protected from disclosure. Francis Decl. ¶ 13.

Grand jury testimony is quintessentially Exemption 3 material because it is "protected from disclosure by Rule 6(e)." *Murphy*, 789 F.3d at 211; *see Moore v. Valder*, 65 F.3d 189, 197 (D.C. Cir. 1995) ("Disclosing grand jury testimony to unauthorized third parties . . . is not a discretionary activity nor is it inextricably tied to matters requiring the exercise of discretion."); *Boyd v. Exec. Office for U.S. Attorneys*, 87 F. Supp. 3d 58, 83 (D.D.C. 2015) ("grand jury

testimony is precisely the type of information that [Exemption 3] is designed to protect"). Therefore, EOUSA, having properly invoked Exemption 3, is entitled to judgment as a matter of law.[1]

## IV.

For the reasons stated above, EOUSA's motion for summary judgment will be granted. A separate order accompanies this Memorandum Opinion.

Dated: January 30, 2019                                              TREVOR N. McFADDEN, U.S.D.J.

---

[1] Because FOIA Exemption 3 protects the entire grand jury transcript testimony from disclosure, "segregability is not an issue" here. *Sanders*, 729 F. Supp. 2d at 157 n.6; *see Trans–Pac. Policing Agreement v. U.S. Customs Serv.*, 177 F.3d 1022, 1026 (D.C. Cir. 1999) (placing "affirmative duty" on the court "to consider the segregability issue *sua sponte*"). In any event "courts have affirmed the withholding of grand jury transcripts in their entirety" either because they contain exempt and nonexempt information that is so intertwined that a redacted version would have "little informational value" or "simply on the basis of their status" as grand jury documents that, if disclosed, would reveal the inner workings of the grand jury. *Thompson v. Exec. Office for U.S. Attorneys*, 587 F. Supp. 2d 202, 208 (D.D.C. 2008) (cleaned up).